**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER STROJNIK, Sr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DRIFTWOOD HOSPITALITY MANAGEMENT, LLC; UNITED HOTELS AND RESORTS, LLC; CGD TEMPE, LP; NEW CRESCENT INVESTMENTS, LLC, DBA Sheraton Crescent Phoenix; XENIA HOTELS AND RESORTS, INC., a foreign corporation; XHR PHOENIX PALMS, LLC, DBA Royal Palms Hotel; XHR SCOTTSDALE RANCH, LLC, DBA Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch, <br><br> Defendants-Appellees. | No. 21-16060 <br><br> D.C. Nos.  2:20-cv-01532-DJH <br> 2:20-cv-00343-DJH <br> 2:20-cv-01434-DJH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Strojnik, Sr. appeals pro se from the district court's judgment dismissing for lack of standing his consolidated actions alleging violations of the Americans with Disabilities Act ("ADA"), the Private Securities Litigation Reform Act, and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). We affirm.

The district court properly dismissed Strojnik's actions for lack of Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc) (an ADA plaintiff lacks standing "if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability"). We reject as meritless Strojnik's contention that his non-ADA claims were "completely independent" of his ADA claims and so should not have been dismissed for lack of standing. However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the dismissal and instruct the district court to amend the judgment to reflect that the dismissal of Strojnik's ADA and state law claims is without prejudice.

The district court properly denied Strojnik's motion to remand the actions to state court because remand would have been futile. *See D-Beam Ltd. P'ship v.*

*Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004) (setting forth standard of review); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991) (explaining remand is not required under 28 U.S.C. § 1447(c) when "remand to state court would be futile").

The district court did not abuse its discretion in denying Strojnik leave to amend because the record demonstrates evidence of bad faith on behalf of Strojnik. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 804-05 (9th Cir. 1987) (setting forth standard of review and identifying "bad faith" as a reason to deny leave to amend).

The district court did not abuse its discretion in denying Strojnik's post-judgment motion for relief because Strojnik failed to demonstrate any basis for relief. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Rule 59(e)).

The district court did not abuse its discretion in declaring Strojnik a vexatious litigant and imposing pre-filing restrictions because the district court gave Strojnik notice and an opportunity to oppose the pre-filing order, created an adequate record for review, made substantive findings of frivolousness and harassment, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007)

(setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

We lack jurisdiction to review the post-judgment award of attorney's fees filed on June 28, 2021. *See Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Haw. Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Strojnik's motion to file a supplemental opening brief (Docket Entry No. 14) is granted. The Clerk will file the brief received at Docket Entry No. 13.

**AFFIRMED with instructions to amend the judgment.**